# JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

|  |  |
|---|---|
| BRIDGE WF CA CRYSTAL VIEW LP,<br><br>Plaintiff,<br><br>v.<br><br>IGNACIO SALAZAR AND GABRIELA SALAZAR,<br><br>Defendants. | Case No.: SACV 23-01734-CJC (KESx)<br><br>**ORDER *SUA SPONTE* REMANDING CASE TO SUPERIOR COURT OF CALIFORNIA FOR LACK OF SUBJECT MATTER JURISDICTION** |

## I. INTRODUCTION & BACKGROUND

Fernanda Missu, acting *pro se*, removed this unlawful detainer action originally filed in Superior Court, County of Orange by Plaintiff Bridge WF CA Crystal View LP, a Delaware Limited Partnership, asserting federal question subject matter jurisdiction under 28 U.S.C. § 1331. (Dkt. 1 ["Notice of Removal"].) According to the Notice of Removal,

a statutory basis for federal jurisdiction exists because Plaintiff's claim raises a substantial federal issue related to the Protecting Tenants at Foreclosure Act of 2009 ("PTFA"), 12 U.S.C. § 5201. (*Id.* ¶¶ 5–13.) The PTFA is a federal law that provides certain protections to tenants during foreclosures, including certain notice requirements.

## II. LEGAL STANDARD

A defendant may remove a civil action filed in state court to a federal district court if the federal court may exercise original jurisdiction over the action. 28 U.S.C. § 1441(b). A federal court can assert subject matter jurisdiction over cases that involve questions arising under federal law. 28 U.S.C. § 1331. An action arises under federal law if federal law creates the cause of action or if the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 245 U.S. 308, 314 (2005). Federal question jurisdiction will lie over state law claims that "really and substantially" involve a dispute or controversy respecting the validity, construction, or effect of federal law. *Id.*

Principles of federalism and judicial economy require courts to "scrupulously confine their [removal] jurisdiction to the precise limits which [Congress] has defined." *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941). Indeed, "[n]othing is to be more jealously guarded by a court than its jurisdiction." *See United States v. Ceja-Prado*, 333 F.3d 1046, 1051 (9th Cir. 2003) (internal quotations omitted). The defendant removing the action to federal court bears the burden of establishing that the district court has subject matter jurisdiction over the action, and the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). Under the "well-pleaded complaint rule," federal question jurisdiction is present only when "a federal question is presented on the face of

the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). A defense or counterclaim based on federal law does not give rise to federal question jurisdiction. *Id.* at 10. Federal courts have a duty to examine their subject matter jurisdiction whether or not the parties raise the issue. *See United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 966 (9th Cir. 2004) ("[A] district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments."). Whether subject matter jurisdiction exists may be raised by the Court *sua sponte* at any time, and if it appears that the district court lacks subject matter jurisdiction at any time prior to the entry of final judgment, the case must be remanded to state court. *See* 28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## III. DISCUSSION

As a threshold matter, it is not clear that Missu is a defendant to this action. Missu is a tenant in the property at issue, and Plaintiff's Complaint is against Ignacio and Gabriela Salazar, the apparent former owners of the property. (*See* Dkt. 1 Ex. A.) Missu provides no indication that she has sought to intervene or otherwise become a party to the case. If Missu is not a defendant, removal is improper, and the action must be remanded. *See Wells Fargo Bank, N.A v. Alvarado*, 2014 WL 5786555, at *2 (N.D. Cal. Nov. 5, 2014) ("Defendants are the only parties who are statutorily permitted to remove cases from state to federal courts."). Similarly, Missu provides no indication that Defendants Salazar joined in removal, other than stating in her notice of removal that "Defendants allege," followed by argument as to why removal is proper. (Dkt. 1 at 1); *see Force v. Advanced Structural Techs., Inc.*, 2020 WL 4539026, at *3 (C.D. Cal. Aug. 6, 2020) ("[A]ll properly named and served defendants must join a removal petition for the petition to be valid."). Without the consent of all defendants who have been properly joined and served, the action must be remanded.

Even if Missu were a proper party to remove the case and did so with the other defendants' permission, removal would be improper.  Plaintiff's Complaint, which states a single claim for unlawful detainer under California law, does not raise a federal question.  (Dkt. 1 Ex. A.)  Missu contends that "Plaintiff has actually filed a Federal Question action in State Court" because Missu is a "bona fide residential tenant of a foreclosed landlord" under the PTFA. (*Id.* ¶¶ 5, 17.)  But "[t]he Complaint does not state claims under the PTFA or any other federal law.  The well-pleaded complaint rule makes the plaintiff the master of his claim, so he may avoid federal jurisdiction by basing his claim exclusively on state law, as is the case here." *Hyalite Invs., Inc. v. Sprague*, 2015 WL 5286747, at *2 (E.D. Cal. Sept. 9, 2015).

The PTFA is at most a defense to the unlawful detainer action, and thus does not confer subject matter jurisdiction. *See Logan v. U.S. Bank Nat. Ass'n*, 722 F.3d 1163, 1173 (9th Cir. 2013) ("The PTFA is framed in terms of 'protections' for tenants, suggesting that it was intended to provide a defense in state eviction proceedings rather than a basis for offensive suits in federal court."); *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court.").  Nor does the straightforward federal issue presented by this defense — whether there was compliance with the PTFA — present a "substantial federal issue." *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005).  Accordingly, this action does not arise out of federal law, and thus the Court does not have subject matter jurisdiction over the dispute. *See Wilmington Sav. Fund Soc'y v. Bagheri*, 2023 WL 3005005, at *3 (C.D. Cal. Apr. 19, 2023) ("Defendant fails to show how Plaintiff's Complaint, which raises a single claim for unlawful detainer, alleges facts to show it arises from the . . . the PTFA[.]  The Court must therefore conclude that [Defendant] intends to raise these issues as defenses which do not give rise to federal question jurisdiction."); *Hyalite Invs., Inc.*, 2015 WL 5286747, at * 2 ("In

summary, the state court Complaint indicates that the only cause of action is one for unlawful detainer, which arises solely under state law and not under federal law. Thus, this action does not arise under federal law and no other grounds for federal jurisdiction are apparent. Therefore, it is appropriate to remand this case, *sua sponte*, for lack of federal jurisdiction."); *U.S. Bank Nat'l Ass'n as Tr. for Harborview Mortg. Loan Tr. 2005-8, Mortg. Loan Pass-Through Certificates, Series 2005-8 v. Somo*, 2019 WL 3315568, at *3 (S.D. Cal. July 24, 2019) ("[T]he PTFA does not create a cause of action that could have originally been brought in federal court, and the PTFA on its own does not grant jurisdiction to this Court.").

Diversity jurisdiction is also lacking. Based on Missu's representations, there is no diversity of citizenship. (Dkt. 1-1 at 1); 28 U.S.C. § 1332(a). Additionally, diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). The amount in controversy requirement has not been met because the complaint demands less than $10,000 in damages. (Dkt. 1 Ex. A.)

## IV.   CONCLUSION

For the foregoing reasons, this action is hereby **REMANDED** to Superior Court, County of Orange. The pending motion to proceed *in forma pauperis*, (Dkt. 2), is **DENIED AS MOOT.**

DATED:   October 2, 2023

CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE